I concur in the opinion of the Court and I also concur in the Chief Justice's special concurring opinion. Additionally, I offer the following language, which I believe is an appropriate jury instruction in an alternative-treatment case:
"You have heard evidence in this case concerning alternative methods of treatment. If you are reasonably satisfied from the evidence that the defendant, in his treatment of the plaintiff, had available to him different or alternatives methods of treatment, and that each of those methods was within the standard of care practiced by other physicians in the medical community, the mere fact that a bad result was obtained by use of the method employed by the defendant doctor cannot be used by you as a basis for imposing liability on the defendant. Stated another way, the law recognizes that, in determining whether the treating physician is liable for malpractice, the defendant is permitted to show, in his defense, if he can, that in treating the plaintiff he exercised his professional judgment in choosing one particular method of treatment as opposed to another method, when both methods of treatment are recognized and accepted by the medical community. On the other hand, you may impose liability if you are reasonably satisfied from the evidence that the method employed by the defendant in his treatment of the plaintiff is below the applicable standard *Page 54 
of care, as I have previously explained that standard to you."